### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| PAUL E. CREAGER, | ) | |
|     Debtor(s). | ) | Case No:  08-17130 |

## OBJECTION TO DISCHARGE AND

## REQUEST FOR EXAMINATION OF THE DEBTOR

NOW COMES Creditor, OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER, by its attorneys, KOTH & GREGORY, P.C., and as its Objection to Discharge and Request for Examination of the Debtor, states as follows:

1. In 2006, Debtor settled a personal injury claim for $500,000.00.

2. The settlement of $500,000.00 is only reflected in the Debtor's schedules and information provided to the Court as a $500,000.00 claim by State Farm against Debtor.

3. Creditor resolved the suit involving State Farm and payment of Creditor's lien against State Farm prior to the filing of Debtor's petition herein.  Therefore, it is Creditor's understanding that any claim of State Farm against Debtor has been resolved and the listed debt of $500,000.00 to State Farm is inaccurate.

4. That the suit is still pending (currently stayed due to this matter) between Creditor and Debtor in the Circuit Court of Peoria County, Illinois.

5. That, despite having received $500,000.00 in 2006, Debtor claims to have no assets, no savings and no income resulting from the settlement, despite that fact that Creditor was not paid a debt of $180,069.75 from the settlement.  (Creditor has received payments of

$75,020.00 on the debt, **of which only $5,020.00 came directly from the Debtor** leaving a balance now due of $105,049.75 not including court costs and fees).

6. That Creditor does not believe that Debtor would have no assets, savings, income or any benefit to show the Court after receiving a settlement of $500,000.00 approximately two years prior to filing his petition.

7. That, based on Creditor's discussion with Trustee Thomas Sullivan, Debtor provided the Trustee with false information as to the amount of the settlement and/or the amount that Debtor received from the settlement at the meeting of creditors held herein on July 31, 2008.

8. That Debtor lists his only income as $970.00 per month, which he states is income provided to him by his family. Creditor believes that Debtor may be attempting to hide the settlement by putting the money in an account with his family's name in order to discharge his debts and still keep the settlement funds.

9. That, pursuant to 11 U.S.C.A. § 727, the Debtor may be denied a discharge for the following reasons:

   a. "(2) the debtor…has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – (A) property of the debtor, within one year before the date of the filing of the petition…". 11 U.S.C.A. § 727(a)(2);

   b. "(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained…". 11 U.S.C.A. § 727(a)(3);

   c. "(4) the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account. 11 U.S.C.A. § 727(a)(4);

   d. "(5) the debtor has failed to explain satisfactorily, before determination of denial or discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities". 11 U.S.C.A. § 727(a)(5).

10.     That, pursuant to 11 U.S.C.A. § 727(c)(1), "the trustee, a creditor, or the United States Trustee may object to the granting of a discharge…"  11 U.S.C.A. § 727(c)(1)

11.     That, pursuant 11 U.S.C.A. § 727(c)(2), "On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge."  11 U.S.C.A. § 727(c)(2).

12.     That Creditor, OSF, is objecting to Debtor's discharge on the basis that one, or more of the reasons for denial of discharge listed in Paragraph 9 herein and listed in 11 U.S.C.A. § 727(a)(2-5) may be applicable to this matter.  Therefore, Creditor is requesting that this Court direct the Trustee to investigate the matter and determine if a ground exists for denial of the discharge requested by Debtor herein.

WHEREFORE, Creditor, OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER, objects to a Chapter 7 discharge of Debtor, Paul E. Creager for the reasons stated herein and requests an examination of the Debtor.

OSF HEALTHCARE SYSTEM, an
Illinois not for profit corporation d/b/a
SAINT FRANCIS MEDICAL CENTER,

By: s/Douglas N. Koth
One of its Attorneys
**KOTH & GREGORY, P.C.**
**420 N. Main St.**
**Bloomington, IL 61701**
**(309) 828-5090**
**(309) 828-3806** *fax*

# Certificate of Service

___x___ I hereby certify that I have mailed by US postal service a copy of the OBJECTION TO DISCHARGE AND REQUEST FOR EXAMINATION OF THE DEBTOR, to the following non—CM/ECF participants on September 29, 2008:

Paul E. Creager
1922 Paul Street
Ottawa, IL 61350

and by email on September 29, 2008 to the following:
Steven J. West at tmalaw@sjwlawott.com
Thomas B. Sullivan at tsullivan@ggl-law.com
US Trustee at USTPRegion11.ES.ECF@usdoj.gov

                                         OSF HEALTHCARE SYSTEM, an
                                         Illinois not for profit corporation d/b/a
                                         SAINT FRANCIS MEDICAL CENTER,

                                         By: s/Douglas N. Koth
                                         Attorney for Creditor
                                         Koth & Gregory P.C.
                                         420 North Main Street
                                         Bloomington, Illinois  61701
                                         (309) 828-5090
                                         (309) 828-3806 *fax*
                                         kotncan@att.net